UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ABDUL JAMAL SMITH | CIVIL ACTION |
| VERSUS | NO. 24-2282 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS PAROLE BOARD, WARDEN OF LAFOURCHE PARISH CORRECTIONAL COMPLEX | SECTION: "B"(5) |

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, John Abdul Jamal Smith, a prisoner currently housed at the Franklin Parish Detention Center. In September 2024, he filed the instant lawsuit against defendants, the "Department of Public Safety and Corrections (DPSC) Parole Board" and the Warden of Lafourche Parish Correctional Complex. (Rec. doc. 1). In his complaint, Smith alleges that he was wrongly removed from the parole docket for a scheduled parole hearing that was scheduled to take place on April 23, 2024. He disputes the grounds for the notice of removal, a disciplinary report from Lafourche Parish Correctional Complex on July 18, 2023, because he had no prior knowledge or notice of such action.[1] (Rec. doc. 1-1, p. 1). Smith alleges that he should not have been removed from the parole docket for a disciplinary action that he had no knowledge of and which he now questions. After his parole hearing was canceled, he wrote a letter to the Warden of Lafourche Parish Correctional Complex inquiring about the

---

[1] Smith's attempts to appeal the decision removing him from the parole docket and to obtain a new parole hearing were unsuccessful. Rec. doc. 1-1, pp. 9-10, 15. His disciplinary board appeal (DWCC-2024-073) was rejected due to lack of information as per the disciplinary database. Rec. doc. 1-1 at 11, 16. The disciplinary ruling also advised that the decision of the parole board is not appealable through the disciplinary process.

disciplinary matter.[2]   He complains that the Warden did not respond to the letter. He requests monetary compensation for defamation, cruel and unusual punishment, mental and emotional distress, and pain and suffering, and seeks immediate release via emergency parole hearing.[3]  (Rec. doc. 1, Complaint at pp. 4-6).

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A, 42 U.S.C. §1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

First, the defendant "DPSC Parole Board," (Committee on Parole) [4] is not considered a "person" within the meaning of 42 U.S.C. §1983.  The Committee on Parole is a sub-unit of the Louisiana Department of Public Safety and Corrections, which is an independent

---

[2] Rec. Doc. 1-1, p. 8.  In his letter, dated May 11, 2024, he acknowledges he was told that he was under investigation at Lafourche Parish Correctional Complex, but then he was shipped back to Catahoula Parish and received no other information about it.

[3] Smith seeks "to be released immediately on emergency parole hearing." He alleges that he "would have been granted parole because his chances were very high due to being in the step program with completed rehabilitation classes and certifications." (Rec. doc. 1 at p. 6).  The Court notes that his claims may be brought under § 1983 rather than *habeas corpus* because success on the claims raised would result only in a new parole hearing, not an immediate release from prison.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Lay v. Myers*, Civ. Action No. 22-2157, 2022 WL 17476961, at *4 (E.D. La. 12/6/22).

[4] The Committee on Parole replaced the Board of Parole, which was abolished.  *See* La. Rev. Stat. Ann. § 15:574.2(E); *see also Gonzales v. State*, 117 So.3d 514, 515 n. 1 (La. App. 1 Cir. 2013) ("Effective August 1, 2012, the Board of Pardons functioning as the committee on parole became the successor to, and assumed control of, the affairs of the Board of Parole. *See* La. Acts 2012, No. 714, § 4.").  The Committee on Parole is part of the Louisiana Department of Public Safety and Corrections. *See* La. Rev. Stat. Ann. § 36:409(C)(4).

executive branch agency of the state government. La. Rev. Stat. §15:574.2; *State v. Broom*, 439 So.2d 357, 367 (La. 1983). An executive agency and its sub-units are not persons subject to liability under §1983. *Whitley v. LeBlanc*, Civ. Action No. 18-738, 2019 WL 7598839, at *2 & n. 11 (M.D. La. Oct. 3, 2019), *adopted*, 2019 WL 5959563 (M.D. La. Nov. 13, 2019).

Further, even if the State was considered a proper defendant, which it is not, the State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002). Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); *Cozzo*, 279 F.3d at 281; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). This shield of immunity would extend to the Committee on Parole as an arm or agency of the State. *See McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Accordingly, any claim asserted against the "DPSC Parole Board" would be barred by the Eleventh Amendment.[5]

Additionally, even if he could name a proper defendant, Smith would not be able to show that the parole procedure at issue (*i.e.*, authorizing removal from the parole docket due to recent disciplinary conduct), created a liberty interest in a parole hearing protected by the

---

[5] Eleventh Amendment immunity is applicable to § 1983 claims against the State of Louisiana – and by extension, to official-capacity claims against a Louisiana state officer. *See K.P .v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) ("The Eleventh Amendment bars suits by private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities." (citations omitted)). The Eleventh Amendment does not deprive a federal court of jurisdiction over an official-capacity claim seeking prospective injunctive relief. *See, e.g.*, *Green v. Mansour*, 474 U.S. 64, 68 (1985).

Due Process Clause.  *See Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060, 2001 WL 872887, at *1 (5th Cir. 2001) (citing *Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999)); *see also DeNomes v. LeBlanc*, Civ. Action No. 22-141, 2022 WL 17479134, at *2 & n. 13 (M.D. La. Nov. 1, 2022) (no constitutional or federal law entitles plaintiff to a hearing before the parole board), *adopted*, 2022 WL 17475770 (M.D. La. Dec. 6, 2022); *Robinson v. Vittorio*, Civ. Action No. 17-1636, 2020 WL 523268, at *3 (M.D. La. Jan. 16, 2020) ("[B]ecause Plaintiff did not have a protected liberty interest in parole, he also cannot complain regarding the constitutionality of the denial of a parole hearing."), *adopted*, 2020 WL 515865 (M.D. La. Jan. 31, 2020).  In the absence of such a liberty interest, a due process challenge to the Committee on Parole's procedures, specifically, the purported improper denial of a parole hearing based on incorrect information, fails.  Nor does this Court act as an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights.  *See*, *e.g.*, *Coleman v. Director*, *TDCJ-CID*, Civ. Action No. 08-159, 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Second, as to the Warden of Lafourche Parish Correctional Complex, Smith alleges only that he wrote the Warden inquiring about the disciplinary report and that he failed to respond.  The Warden may be liable under § 1983 only if he was personally involved in the acts causing a deprivation of the plaintiff's constitutional rights or if a causal connection exists between an act of the official and an alleged constitutional violation.  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d

4

120 (5th Cir. 1980). An official cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). As a supervisory official, the Warden may be held liable for his subordinates' actions only if he implemented a stated unconstitutional policy that caused plaintiff's injury. *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 245 (5th Cir. 1993). Smith's allegation against the Warden for failing to respond to his letter does not state a cognizable claim under §1983 for deprivation of a federally protected constitutional right or implementation of an unconstitutional policy. His claim against the Warden should be dismissed as frivolous and for failure to state a claim for which relief can be granted.

Finally, if Smith is attempting to assert any state-law claims, the Court should decline to consider them because he has asserted no valid federal claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *see also Jackson v. Mizzel*, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."). If Smith wants to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Smith's complaint against the Department of Public Safety and Corrections Parole Board and the Warden of Lafourche Parish Correctional Complex be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), §1915A. To the extent he seeks to raise state-law claims, it is recommended that those claims be dismissed without prejudice to his refiling in state court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this 29th day of October, 2024.

                              **MICHAEL B. NORTH**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.